Sidney Squire, J.
This is an “ appropriation claim” which is not predicated on a formal statutory taking of claimants’ real property. No notice of appropriation with an accompanying map was ever served on any of the claimants. They maintain that by other acts the State has “ de facto ” taken this property without compensation to them.
It is undisputed that the State was engaged in a project known as the Lake Onondaga West Shore — North West Arterial Connection Development. It filed maps showing real property being *893 permanently appropriated for that purpose. The unimproved land allegedly owned by claimants was not included on said maps as an area which was then being appropriated nor was it identified by any parcel number. However, claimants maintain that the land in question was actually permanently appropriated on or about December 31, 1954.
The real property in question is described as follows: “All that tract or parcel of land, situate in the Town of Geddes, County of Onondaga and State of New York, known as Part of Farm Lot 33, and described as follows: Beginning at a point in the northeasterly line of Van Vleck Road S 38° 39' E 1158 feet from a stone monument set at the intersection of the northeasterly line of Van Vleck Road with the northerly line of lands deeded to Smith & Powell by Joseph Gross; running thence S 38° 39' E along the northeasterly line of Van Vleck Road 50 feet; thence N 51° 21' E at right angles to Van Vleck Road 132 feet; thence N 38° 39' W parallel with Van Vleck Road 50 feet; thence S 51° 21' W 132 feet to the northeasterly line of Van Vleck Road and place of beginning ”.
The area thereof is approximately 50 feet by 132 feet, the 50 feet fronting on State Fair Road with a depth of 132 feet. The pleading demanded $8,500 but claimants’ appraiser testified that it was worth $7,500.
The claimants derived their alleged, title through Wing E. Smith who died on June 8, 1924, survived by three daughters, Dorothy S. Soule, Esther S. Dunning and Hannah S. Waters. Mrs. Waters died thereafter and the executors under her last will and testament are Harold E. Barker and John Robert Brook. The first named two sisters and the deceased sister’s executors are the three claimants herein.
The claim at bar alleges that on or about November 19, 1954 “ the claimants through their attorneys notified the State of New York of their ownership of said property and requested that their ownership of said property be recognized by the State of New York ”, that the State permanently appropriated said land “ on or about 31 December 1954 ” and “ That on or about February 18,1956, claimants were informed that the state refused to acknowledge them as sole owners in fee of the premises herein above described and refused to pay them just compensation for their said property ’ ’.
Said claim was filed in the office of the clerk of the court on April 28, 1955 and a copy of the pleading was also served on the Attorney-General, all in accordance with the statutory requirements and rules of this court.
*894 The case was tried in Syracuse on March 25 and 26, 1957 and the real property was viewed by the court accompanied by both trial counsel on March 28, 1957.
At the opening of the trial, claimants’ counsel requested permission to make an opening statement. The application was granted. At the conclusion of the trial, when the State renewed its motion to dismiss, claimants’ counsel was permitted to orally summarize his contentions and proof.
In effect, claimants maintain: That although no appropriation map was filed by the State, as is the customary procedure, this was a “ de facto ” appropriation;
That the State effectively recognized and confirmed claimants’ title in a letter from an assistant attorney-general on the Attorney-Q-eneral’s letterhead;
That the State’s maps referred to this property (although unappropriated de jure) and denoted claimants’ predecessor as “ reputed owner
That the State exercised control over the adjoining and contiguous appropriated properties owned on the date of the appropriation by Fuccuo on one side and Lent on the other;
That the State’s right of way map showed damage Parcels No. 1 on one side of their property and No. 2 on the other side of their property but illegally and deliberately omitted the parcel sub judice.
Accordingly, maintained the claimants, the State controlled and dominated this property and for such alleged appropriation must pay just compensation to the claimants.
Let us review each of these underpinnings on which claimants endeavor to erect a cause of action. The letter from the assistant attorney-general is not an admission or recognition of claimants’ title in fact or in law. The letter was written by a distinguished, able and highly regarded lawyer who was apparently endeavoring to aid an inquiring lawyer. Indeed, it was never intended to assume the importance which claimants have since ascribed thereto. Moreover, said assistant had no authority to bind the State in the manner maintained by claimants nor was there any proof of such authority.
A reference to an alleged owner on a State map for right of way or appropriation cannot assume the dignity of proof of ownership, by admission, recognition or any other device. It is merely informative and protected from any assumption which would bind the State of New York.
"When the State took possession or ‘ ‘ control ’ ’ of the properties adjoining or adjacent to this property, it did not thereby appropriate the property involved. No person, partnership, *895 corporation, association or other entity can compel the State to appropriate specific property. This is the sovereign’s function which cannot he arrogated by anyone including the claimants.
Similarly, one cannot benefit from the fact that properties on both sides of this land have been denoted as taken or about to be taken by the sovereign according to a right of way or appropriation map.
Claimants’ trial counsel is to be commended for the excellent manner in which proof was marshaled and presented at the trial. On more than one occasion when obstacles presented themselves, the court granted additional time for witnesses to be interviewed, anticipated exhibits to be produced or obtained, etc.
Claimants have not proven that the State appropriated this property de facto, de jure or by an alleged “ paper title ”. The genesis of their claim arose from a deed which their ancestor, Wing R. Smith, executed and delivered to the Town of Geddis over 50 years ago, back in 1906, solely for highway purposes with a reverter provision in the event that the premises were not used for that purpose. After said decedent’s death, the superintendent of highways of that township executed and filed an instrument purporting to demonstrate that the town had abandoned the highway through this land. Consequently, the claimants allege that the property is theirs, according to their father’s will.
In view of this court’s determination that there has been no appropriation for which claimants can be compensated at bar, it would appear to be superfluous to presently consider the interesting questions of real property law involved in this alleged “ title ” and a construction of section 205 of the Highway Law relating to certificates of abandonment. To suggest claimants’ remedy, if any, against the State or a forum for dispositive legal questions is not the province of this court.
The State’s motion to dismiss the claim is granted. The claim is dismissed.
Findings having been waived, the foregoing constitutes the written and signed decision of the court upon which judgment may be entered.
Let judgment be entered accordingly.