Bernard S. Meyer, J.
In this action plaintiffs seek a declaratory judgment invalidating an ordinance rezoning certain property as a “Municipal High Rise Housing District.” In five causes of action the ordinance is attacked because (1) it is “ spot zoning,” (2) it was enacted pursuant to agreement with the Division of Housing and the Glen Cove Housing Authority and constitutes “ zoning by contract,” (3) it is confiscatory, (4) the notice of hearing was insufficient, and (5) the area rezoned is insufficiently described in the ordinance. The City and the Housing Authority moved under rule 106 of the Rules of Civil Practice to dismiss each cause of action for insufficiency and argued further that the entire complaint was defective for failure to allege that notice had been given to the Commissioner of Housing and Community Renewal under section 15 of the Public Housing Law. The court overruled the latter contention, but directed that notice be given to the Commissioner. Notice has been given and the Commissioner has advised the court that he will neither intervene nor submit a brief amicus. The sufficiency of the individual causes of action remains to be determined.
The first sentence of section 155 of the Public Housing Law provides: “ All projects shall be subject to the planning, zoning, sanitary and building laws, ordinances and regulations applicable in the municipality in which the project is situated.” That sentence constituted the entire section when the Public Housing-Law was enacted by chapter 808 of the Laws of 1939. Prior thereto, section 13 of the State Housing Law, as enacted by Laws of 1926 (chap. 823), and as thereafter amended in 1927 (chap. 35), 1928 (chap. 722, § 1) and 1930 (chap. 872, § 1) had contained the following sentence: “No such project shall be approved in contravention of any zoning or building ordinances in effect in the locality in which designated areas are located. ’ ’ Whereas the last quoted sentence deals only with “ ordinances in effect in the locality,” the present law subjects projects to 1 ‘ laws, ordinances and regulations applicable in the municipality.” The planning and zoning laws applicable in Glen Cove include subdivisions 24 and 25 of section 20 of the General City Law. Subdivision 25 requires that zoning regulations adopted *812 be “in accord with a well considered plan”; an ordinance rezoning a particular site for a housing project is invalid for failure to comply with legislative direction if it does not conform to such a plan. Movants’ argument that section 155 of the Public Housing Law is procedural rather than substantive is apparently based on the second sentence of the section. In light of the language of the first sentence of the section and its legislative history, the argument cannot be sustained. Movants ’ further contention that the selection of a site is an act entrusted to the discretion of the Commissioner, the Housing Authority and the City Council which cannot be set aside in the absence of fraud or willful misfeasance ignores the limitation expressly placed upon that discretion by the Legislature’s inclusion of the first sentence of section 155 in the Public Housing Law. (State ex rel. Housing Auth. of St. Louis County v. Wind, 337 S. W. 2d 554, 557 [Mo.]; Drake v. City of Los Angeles, 38 Cal. 2d 872; Passaic Junior Chamber of Commerce v. Passaic Housing Auth., 45 N. J. Super. 381.) Their reliance upon findings of the Commissioner (even if those findings be considered properly before the court on this motion) and subdivision 2 of section 71 of the Public Housing Law is likewise misplaced. The section sets forth findings which are a condition precedent to a loan and subdivision 2 makes those findings ‘ ‘ conclusive evidence of the facts therein contained.” A finding of the fact that the project is in conformity with a plan for clearance, replanning, reconstruction or rehabilitation under the Housing Law while conclusive that the taking in eminent domain is for a public purpose (Klibanoff v. City of New York, 24 Misc 2d 649, 655) is not conclusive that the ordinance now under consideration conforms to a well-considered plan for zoning the city. A finding that the city has enacted, or will enact zoning regulations to protect the housing area is not conclusive that the regulations were validly enacted. Nor, since sections 155 and 99 are part of the same statutory scheme and must be construed together, can the authorization in section 99 to enter into an agreement to zone or rezone any section of the municipality be considered to foreclose scrutiny under section 155 of the zoning ordinance for conformance with the General City Law. While the burden will rest heavily upon plaintiffs, particularly since housing projects are clearly in furtherance of the general welfare (N. Y. Const., art. XVIII; Public Housing Law, § 2), to establish the invalidity of the ordinance, they have stated a first cause of action legally sufficient to entitle them to proceed to trial.
The second cause of action cannot stand, however. The claim that the ordinance is invalid because adopted pursuant to agree *813 ment with the Commissioner and the Housing Authority rests on the doctrine that a municipality may not abdicate its functions. 11 Agreements by which the public powers of a municipality are surrendered without express permission of the Legislature are beyond the powers of the municipality and void.” (Atlantic Beach Property Owners’ Assn. v. Town of Hempstead, 3 N Y 2d 434, 438 [emphasis supplied].) Express permission is granted by section 99 of the Public Housing Law for a municipality to ‘ ‘ enter into an agreement with an authority, housing company or a government, upon such terms as it shall determine * * * to plan, replan, zone or rezone any section of the municipality.” Whether such statutory authorization must itself be supported by constitutional grant to the Legislature need not be now determined, for constitutional authorization exists in article XVIII (§§ 1, 10) of the Constitution. Whatever the rule concerning agreements with respect to zoning made with private persons (see Crolly & Norton, Zoning by Contract With Property Owner, N. Y. L. J., April 6, 1955, p. 4, col. 1; Crolly, The Rezoning of Properties Conditioned on Agreements With Property Owners — “ Zoning by Contract,” N. Y. L. J., March 8,1961, p. 4, col. 1), it is clear that municipal governing bodies are authorized to enter into agreements with reference to the zoning or rezoning of properties in aid of public housing projects. (Crolly & Norton, N. Y. L. J., supra; State ex rel. Great Falls Housing Auth. v. City of Great Falls, 110 Mont. 318; Note, 50 Yale L. J., 525, 529; see Borek v. Golder, 190 Misc. 366, 389; St. Stephen’s Club v. Youngstown Metropolitan Housing Auth., 160 Ohio St. 94.) The second cause of action must, therefore, be dismissed.
Movants do not gainsay, nor could they, that a zoning ordinance which deprives a property owner of all use of his land for an indefinite period of time is an unconstitutional taking. (Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222, 232; Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493; Roer Constr. Corp. v. City of New Rochelle, 207 Misc. 46, 51; Milano v. Town of Patterson, 197 Misc. 457, 460.) They argue rather that the rezoning is a taking for a public purpose, that section 120 of the Public Housing Law does not limit the manner of taking and that rezoning may, therefore, precede the transfer of the property and compensation. The short answer is that until the taking authority moves affirmatively in a manner authorized by section 120 to acquire real property, the owner of that property, although he may be entitled on the basis of a zoning ordinance to claim compensation (see Soule v. State of New York, 6 Misc 2d 892; cf. Matter of Froehlich v. Johnson, 14 *814 Misc 2d 33, 36, affd. 7 A D 2d 757) is not required to do so. He may if he so elects treat the zoning ordinance as an invasion of his property rights and may continue to do so until such time as the city or the housing authority takes positive steps to fix his rights in eminent domain.
The fourth cause of action is likewise sufficient. Rabasco v. Town of Greenburgh (285 App. Div. 895, affd. 309 N. Y. 735) establishes that an ordinance rezoning land pursuant to a housing plan must be enacted in conformance with the procedure established by the appropriate enabling statute. If the Planning Board notice was ambiguous and misleading, adoption of the ordinance would not conform to section 83 of the General City Law and section 11 of the Glen Cove Ordinance (see Brachfeld v. Sforsa, 114 N. Y. S. 2d 722, and Holly Development v. Board of County Comrs. of Arapahoe County, 140 Col. 95). Movants urge that such defect has no bearing on the zoning ordinance since the Planning Board recommendation was against that ordinance and it was adopted by the City Council notwithstanding the board’s refusal to recommend it. That fact is not set forth in the complaint, however, and is not properly before the court on this rule 106 motion.
The fifth cause of action alleges that the description of the property purportedly rezoned was incorrect and incomplete. Mallett v. Village of Mamaroneck (123 N. Y. S. 2d 249, revd. on the law, findings of fact affd. 283 App. Div. 1094, affd. 308 N. Y. 821) and Cordts v. Hutton Co. (146 Misc. 10, affd. 241 App. Div. 648, affd. 266 N. Y. 399) establish the sufficiency of that cause of action.