[Civ. No. 21507. First Dist., Div. Three. Dec. 3, 1963.]

HOUSING AUTHORITY OF THE CITY OF OAKLAND, Petitioner, v. CITY OF OAKLAND et al., Respondents.

Orr, Heuring & Wendel, John S. Cooper and Donn L. Black for Petitioner.

James E. Prisin-Zano as Amicus Curiæ on behalf of Petitioner.

Hilton J. Melby, City Attorney, George M. Cahalan and Edward A. Goggin, Assistant City Attorneys, and Ralph R. Kuchler, Deputy City Attorney, for Respondents.

DRAPER, P. J.—Petitioner authority seeks mandamus to compel respondent city and its council to perform acts required by a cooperation agreement. The authority is a state

agency organized under the Housing Authorities Law (Health & Saf. Code, §§ 34200 et seq.). That law, the Housing Cooperation Law (Health & Saf. Code, §§ 34500 et seq.) and the Federal Low Rent Housing Act of 1937 (42 U.S.C.A. § 1401 et seq.) govern construction and application of the agreement.

Following the city council's approval of a project for construction of low-cost housing in Oakland, petitioner and respondent city executed a cooperation agreement January 24, 1950. This agreement was reaffirmed January 19, 1960. As modified, it provides for 506 housing units to be built by petitioner. The parties agreed upon a list of approved construction sites, and from time to time modified this list by agreement. Some 401 housing units have been built or are in course of construction on four approved sites. In 1962, petitioner sought the city's approval of a site known as Tassafaronga Village for construction of the remaining 105 units. The request was approved by the city planning commission, but in April failed of approval by the council. On October 1, 1962, the city attorney recommended reexamination of the question, giving his opinion that the council was not then obligated to approve. Nonetheless, the council did, on October 4, 1962, formally approve the Tassafaronga Village site. On October 30, 1962, the council purported to rescind its resolution of approval adopted 26 days before. Thereafter, respondent city refused to rezone, vacate streets, or perform any of the other acts required by the cooperation agreement as to Tassafaronga Village, with the result that petitioner has been unable to commence construction.

■ A housing authority cannot be foisted upon a city. It comes into existence only by action of the city council. When that body procures the creation of a housing authority and enters into a cooperation agreement with it, the council acts under state law, and contracts as an arm of the state, rather than in its strictly municipal capacity. ■ When, as here, the housing authority has incurred expense and has contracted for federal funds or credit in reliance upon the cooperation agreement, that contract binds the city, cannot be abrogated by it, and can be modified or terminated only as permitted by the applicable statutes (*Housing Authority* v. *City of Los Angeles*, 38 Cal.2d 853 [243 P.2d 515]). We do not read this decision as holding that site approval by the city is not and cannot be required. We note that a companion

case, involving the same housing project, indicates that city authorities did agree to site location (*Drake* v. *City of Los Angeles*, 38 Cal.2d 872, 877 [243 P.2d 525]).

█ In our case, the Oakland council, at the authority's request, voluntarily approved the Tassafaronga site by resolution. By this action, the city extended its cooperation agreement, and made it specifically applicable to this site. It could not thereafter abrogate or abandon its contract by unilateral action. (*Housing Authority* v. *City of Los Angeles*, *supra*, at p. 870.) This determination adequately resolves the dispute as to whether the city must go forward in its agreed cooperation with the authority. As in the cited case, we find it unnecessary to enumerate the acts to be performed under the agreement. We need not, and do not, determine what right, if any, would accrue to petitioner in the absence of formal site approval by the city.

Let peremptory writ of mandate issue directing respondent to perform the terms of its agreement as to the Tassafaronga Village site.

Salsman, J., and Devine, J., concurred.