Bernard Meyer, J.
The validity of a 1961 amendment to the Glen Cove Building Zone Ordinance creating a Municipal High Bise Housing District is challenged in this declaratory judgment action by the owners of three rezoned parcels and of three parcels adjacent to the rezoned area. In five causes of action the amendment is attacked because (1) not in accordance with a comprehensive or well-considered plan, (2) enacted pursuant to agreement between the Division of Housing and the Glen Cove Housing Authority, (3) confiscatory, (4) enacted pursuant to defective procedures, and (5) enacted by an ordinance that insufficiently described the area rezoned. On a motion addressed to the sufficiency of the various causes of action, the second cause of action was dismissed but the others were sustained (34 Misc 2d 810). Defendants then answered setting up as separate defenses (1) that the defendants and the State Housing Commissioner have an unlimited right to choose a site after a finding has been made of the need for the project and the appropriateness of the site and that the zoning amendment was enacted in furtherance of the Public Housing Law and therefore is valid per se, (2) that the amendment is not confiscatory, but is merely the first step in a program leading to condemnation, (3) that the notice of hearing was not ambiguous and that plaintiffs were not prejudiced since the Planning Board recommended disapproval of the zoning change, and (4) that the notice did not mislead plaintiffs, that the location, height and mode of construction are within the discretion of the City Council and the Housing Commissioner, and the amendment based on their decision may not be set aside unless arbitrary, capricious or fraudulent. At the opening of the trial the court struck as inconsistent with its earlier decision the second defense (see 34 Misc 2d 810, 813) and so much of the first and fourth defenses as raise the conclusiveness as matter of law of the findings made under section 71 of the Public Housing Law (see 34 Misc 2d 810, 812). For the reasons hereafter stated, the court concludes that the first cause of action should be dismissed but that the third, fourth and fifth causes of action have been proven and that plaintiffs are entitled to judgment declaring the amending ordinance invalid because confiscatory and because not properly enacted.
*891 The prior decision, construing sections 71, 99 and 155 of the Public Housing Law, held that scrutiny of the zoning ordinance for conformance with “ a well considered plan” was not foreclosed, but noted that the burden rests “ heavily upon plaintiffs, particularly since housing projects are clearly in furtherance of the general welfare (N. Y. Const., art. XVIH; Public Housing Law, § 2), to establish the invalidity of the ordinance ” (34 Misc 2d 810, 812). Plaintiffs’ evidence goes primarily to the height (8 stories) and population density (40 apartments per acre) of the proposed use as against the less liberal restrictions elsewhere in the city (height: 3 stories; population density: 16 apartments per acre). While inconsistency in those respects exists, subdivision 24 of section 20 of the General City Law provides that “ the regulations in one or more districts may differ from those in other districts.” Moreover, it has long been recognized zoning is not static and that change is a matter of properly exercised legislative discretion (Rodgers v. Village of Tarrytown, 302 N. Y. 115; Thomas v. Town of Bedford, 29 Misc 2d 861, affd. 15 A D 2d 573, affd. 11 N Y 2d 428).
Inconsistency alone does not demonstrate that the plan is not well considered. Involved also is rationality, both in the relation of the part to the whole (Connell v. Town of Granby, 12 A D 2d 177, 179) and in the relation of public advantage or justification to private interests (Thomas v. Town of Bedford, 11 N Y 2d 428, 435, supra; Freeman v. City of Yonkers, 205 Misc. 947, 954). The evidence shows (and the court’s view confirms) that the rezoned property fronts on the arterial highway and that the land behind it rises sharply, one might say precipitously, cutting it off from residentiary zoned properties above and behind it. It has not been shown that either governmental or commercial facilities will be overburdened by the increased population density or that the increased height will overburden facilities or constitute an eyesore. Where, as here, property is rezoned in furtherance of a general welfare purpose, irrationality must be convincingly demonstrated. Plaintiffs have failed to meet their burden of proof on the first cause of action.
Clearly, however, plaintiffs Hults, Kulzer and Bant are entitled to judgment on the third cause of action, for the ordinance allows but a single use in the district it creates: municipal housing. The owners are thus deprived of any beneficial use of their property, the classic example of an unconstitutional taking (Matter of Eaton v. Sweeny, 257 N. Y. 176; Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222; Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493). That the owners may be entitled to continue such use as presently exists does not alter *892 the situation when the property cannot be used by the owner for any purpose permitted by the ordinance (Scarsdale Supply Co. v. Village of Scarsdale, 8 N Y 2d 325, 329). Nor does it help the city that the properties will ultimately be condemned for public housing use, for the promise of condemnation at an indefinite future time is not just compensation. Just compensation requires that the property be valued as of and interest paid from the date of actual taking. The city could have amended the zoning ordinance by creating a floating zone (Rodgers v. Village of Tarrytown, 302 N. Y. 115, supra) and then specified the property to be brought within that district at or about the time the property was condemned or it could have first condemned the property and then rezoned it. Instead it rezoned specific property and then for more than six months before this action was brought took no steps to condemn. It may not zone to permit only a use in which the owner may not engage unless it takes the property for such use at or about the same time; it may not confiscate under the guise of exercising its police power without at the same time assuring just compensation from the time of confiscation.
The fourth cause of action attacks the procedure of enactment in that the Common Council failed to comply with section 11 of article III of the Building Zone Ordinance and that the notice of hearing before the Planning Board was insufficient because (a) the description was erroneous, (b) the reference to the existing zoning was incorrect, and (c) the notice of the change was not intelligible. On the ordinance issue, defendants offered, after conclusion of the trial, minutes of a meeting of the Common Council held November 1, 1960. In view of its conclusion with respect to the meeting notice, the court does not find it necessary to rule on the ordinance issue, but it sustains plaintiffs’ objection to the introduction of the minutes because they obviously are not “ the findings upon which the Council determined ” the May 17, 1961 zoning amendment to be in the public interest and, therefore, are irrelevant.
The notice of hearing set forth the nature of the change by reference to a columnar table of the ordinance, so that without that table one could not ascertain exactly all of the details of the change. However, it contained the words ‘ ‘ Municipal HighRise Housing District permitted principal uses. (Municipal Housing.) ” and thus gave sufficient notice of the nature of the change. It erroneously referred to the property being rezoned as in a B-3 zone when in fact it was in a B-l zone; it stated the point of beginning to be the southeast corner of Lot 563 whereas Lot 562 was intended and the southeast corner of 563 *893 is about 48 feet south and 160 feet east of the southeast corner of 562; it ran one course westerly along the south boundary of Lot 588, when in fact 580 was intended; it ran another course north along the easterly boundary of Lot 27 when in fact the westerly boundary of Lot 27 was intended; and, of course, it did not close because of the incorrect beginning point. Defendants argue that there has been substantial compliance and that in any event the errors are academic because the Planning Board recommended against the rezoning and was overruled by the Common Council.
The purpose of notice of such a hearing is to permit aggrieved persons to state objections on the record. Some of the owners of rezoned property were not present at the hearing because not aware that their property was involved. Had they been present they may conceivably have stated additional arguments against the proposal that the Common Council may have found more persuasive. The court, therefore, rejects defendants’ contention that the Planning Board’s recommendation of disapproval renders the issue moot. As has been said in another context: “ the statute must be strictly pursued, and any departure, in substance, from the formula prescribed by law vitiates the proceedings. The party whose property is to be reached may insist upon the observance of every form prescribed by statute which will in the least tend to his protection. In other words, the form must be strictly followed.” (Merritt v. Village of Portchester, 71 N. Y. 309, 312; see, also, Village of Williston Park v. Israel, 191 Misc. 6, affd. 276 App. Div. 968, affd. 301 N. Y. 713; Brachfeld v. Sforza, 114 N. Y. S. 2d 722, 725.)
A property description in such a notice is sufficient if it “ gives the average reader reasonable warning that property in which he has an interest may be affected and an opportunity by the exercise of reasonable diligence to determine whether such is the fact ” (2525 East Ave. v. Town of Brighton, 33 Misc 2d 1029, affd. 17 A D 2d 908). This is not a case such as Mallett v. Village of Mamaroneck (283 App. Div. 1094, affd. 308. N. Y. 821) in which it was held that a description, though erroneous, was sufficiently definite to indicate the legislative intent to cover a parcel owned by one defendant. Here various properties are involved and it is not possible to tell from the description whether Lots 563, 589, 580, 27 or 47 are or are not included within the affected area. Such a description does not give sufficient notice (see Matter of Palmer v. Mann, 206 App. Div. 484, 486-487, affd. 237 N. Y. 616).
The fifth cause of action is predicated on the insufficiency of the description as contained in the ordinance as adopted. *894 Except that the reference to Lot 588 had been corrected to 580, the description in the ordinance is the same as that published in the notice of hearing. For the reasons already stated that description was insufficient and the ordinance must be held invalidly adopted.
It is unfortunate that a project so clearly in furtherance of the general welfare must be delayed because of procedural errors all of which can be corrected by the Common Council. As previously noted, however, plaintiffs are entitled to observance of the constitutional and statutory provisions referred to.