BILL LOCKYER Attorney General CLAYTON P. ROCHE Deputy Attorney General
THE HONORABLE ALAN LOWENTHAL, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
Does federal law override state law prohibitions against the release of information to a public housing agency concerning whether an individual seeking admission to public housing is subject to a lifetime registration requirement under California's sex offender registration program?
 CONCLUSION
Federal law overrides state law prohibitions against the release of information to a public housing agency concerning whether an individual seeking admission to public housing is subject to a lifetime registration requirement under California's sex offender registration program.
 ANALYSIS
In 1998, Congress amended federal law to deny admission to federally assisted housing of any household that includes a lifetime registered sex offender. Title 42 United States Code section 13663 now provides:
"(a) In general
 "Notwithstanding any other provision of law, an owner of federally assisted housing shall prohibit admission to such housing for any household that includes any individual who is subject to a lifetime registration requirement under a State sex offender registration program.
"(b) Obtaining information
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(1) a public housing agency shall carry out criminal history background checks on applicants for federally assisted housing and make further inquiry with State and local agencies as necessary to determine whether an applicant for federally assisted housing is subject to a lifetime registration requirement under a State sex offender registration program; and
 "(2) State and local agencies responsible for the collection or maintenance of criminal history record information or information on persons required to register as sex offenders shall comply with requests of public housing agencies for information pursuant to this section.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
The 1988 federal legislation allows state and local government agencies to charge "a reasonable fee" for complying with a housing agency's request for information. (42 U.S.C. § 13663 (e).) The housing agency must maintain the confidentiality of the information and destroy it "once the purpose for which the record was requested has been accomplished." (42 U.S.C. § 13663 (f)(3).)
We are asked whether the federal requirement that "[s]tate and local agencies responsible for the collection or maintenance of . . . information on persons required to register as sex offenders shall comply with requests of public housing agencies for information" (42 U.S.C. § 13663 (b)(2)) overrides California's prohibitions on the release of such information to public housing agencies. We conclude that the federal law overrides state law in the circumstances presented.
Under the Housing Authorities Law (Health Saf. Code, §§34200-34402), public housing agencies in California are state agencies (Housing Authority v. City of L.A. (1952) 38 Cal.2d 853, 861-862; Housing Authority v. City of Oakland (1963) 222 Cal.App.2d 771, 772; People v. Holtzendorff (1960)177 Cal.App.2d 788, 798) created and administered to provide "safe and sanitary dwelling accommodations for persons of low income" (Health 
Saf. Code, § 34201, subd. (c)). Housing agencies may accept grants or other financial assistance from the federal government in aid of housing projects (Health Saf. Code, §34327) and "may apply for, process, and distribute housing certificates pursuant to Section 8 of the United States Housing Act of 1937" to eligible families (Health Saf. Code, §34327.3). "Section 8" is a federal housing subsidy program administered by the federal government whereby families are placed in private housing accommodations with federally subsidized rents. (See42 U.S.C. § 1437 (f).)
Under California's version of what is commonly known as "Megan's Law" (Pen. Code, §§ 290, 290.4, ; see 82 Ops.Cal.Atty.Gen. 20, 21 (1999)), persons who have been convicted of specified sex offenses and are no longer incarcerated must be registered on a lifetime basis. The Department of Justice ("Department") is required to compile and maintain the registration information. (Pen. Code, § 290.4, subd. (a)(1)(2).) While the information may be disclosed to certain persons under specified conditions, not all the information would be available to a public housing agency (see Pen. Code, § 290, subd. (i)), and in any event, use of the information for "[h]ousing or accommodations" is generally prohibited (Pen. Code, § 290.4, subd. (e)(2)(G)).
Does federal law (42 U.S.C. § 13663 (b)(2)) override state law (Pen. Code, §§ 290, subd. (i), 290.4, subd. (e)(2)(G)) to allow a public housing agency to obtain the information it needs from the Department in order to comply with the federal law's screening requirements? We believe the answer to this question lies in the supremacy clause of the federal Constitution. Clause 2 of article VI of the United States Constitution provides:
 "This Constitution, and the laws of the United States which shall be made in pursuance thereof . . . shall be the supreme law of the land . . . any thing in the Constitution or laws of any state to the contrary notwithstanding."
We have previously concluded that state statutes and the California Constitution must yield to federal law when required by the supremacy clause. (71 Ops.Cal.Atty.Gen. 362, 374-375 (1988); 68 Ops.Cal.Atty.Gen. 209, 219-222 (1985).) The supremacy clause may be invoked where it is "impossible . . . to comply with both state and federal requirements" (English v. General Elec. Co. (1990) 496 U.S. 72, 79) or where the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" (Hines v. Davidowitz (1941)312 U.S. 52, 67). (See Freightliner Corp. v. Myrick (1995) 514 U.S. 280,287.)
Here, the supremacy clause would potentially be applicable due to the statutory requirements imposed upon the receipt of federal funds to provide for housing assistance to lower income families. The federal grants would be given under Congress' spending clause power. Clause 1 of section 8 of article I of the United States Constitution states:
 "The Congress shall have power to lay and collect taxes, duties, imposts and excises, to pay the debts and provide for the common defense and general welfare of the United States; but all duties, imposts and excises shall be uniform throughout the United States. . . ."
In South Dakota v. Dole (1987) 483 U.S. 203, 206-207, the United States Supreme Court described Congress' authority to impose conditions upon the receipt of federal funds:
 "The Constitution empowers Congress to `lay and collect Taxes, Duties, Imposts, and Excises, to pay the Debts and provide for the common Defense and general Welfare of the United States.' Art. I, § 8, cl. 1. Incident to this power, Congress may attach conditions on the receipt of federal funds, and has repeatedly employed the power `to further broad policy objectives by conditioning receipt of federal moneys upon compliance by the recipient with federal statutory and administrative directives.' [Citations.] The breadth of this power was made clear in United States v. Butler, 297 U.S. 1, 66
(1936), where the Court, resolving a longstanding debate over the scope of the Spending Clause, determined that `the power of Congress to authorize expenditure of public moneys for public purposes is not limited by the direct grants of legislative power found in the Constitution.' Thus, objectives not thought to be within Article I's `enumerated legislative fields,' id., at 65, may nevertheless be attained through the use of the spending power and the conditional grant of federal funds."
In State of Kansas v. U.S. (D.Kan. 1998) 24 F. Supp.2d 1192, the court considered whether conditions imposed by Congress in providing the states with funds to make monetary payments to financially needy families were valid. The court concluded in part:
 ". . . Plaintiff is required only to choose between receiving federal funds and complying with certain statutory mandates, or not receiving such funds. This is a choice as pointed out previously that the Supreme Court has repeatedly held to be constitutional. . . ." (Id., at p. 1200.)
In Housing Authority of City of Fort Collins v. U.S. (10th Cir. 1992)980 F.2d 624, the court ruled that the federal government could attach conditions on the receipt of federal funds by public housing agencies. The court noted in part:
 ". . . Under the Supremacy Clause, state laws that `interfere with, or are contrary to the laws of [C]ongress, made in pursuance of the [C]onstitution' are preempted. Gibbons v. Ogden, 22 U.S. (9 Wheat) 1, 211, 6 L.Ed. 23 (1824) (Marshall, C.J.). . . ." (Id., at p. 631.)
We have no doubt that denying admission of lifetime sex offender registrants to federally assisted housing is constitutional. As explained in South Dakota v. Dole, supra, 483 U.S. 203, Congress' exercise of the spending power must (1) be in pursuit of the general welfare, (2) have any conditions imposed done so unambiguously, (3) have the conditions related to the federal interest in the particular national program, and (4) not be in conflict with any other constitutional provision. (Id., at pp. 207-208.) Barring admission of lifetime sex offender registrants from federally assisted housing meets these four requirements. It is in pursuit of the nation's general welfare and is imposed unambiguously through use of the phrase "[n]otwithstanding any other provision of law." (42 U.S.C. § 13663 (a); see Campbell v. Minneapolis Public Housing Authority (8th Cir. 1999) 168 F.3d 1069, 1075.) The condition specifically relates to providing safe housing conditions for lower income families, and no other constitutional provision independently precludes the condition.
Accordingly, we conclude that federal law overrides state law prohibitions against the release of information to a public housing agency concerning whether an individual seeking admission to public housing is subject to a lifetime registration requirement under California's sex offender registration program.